Wkight, J.,
delivered the opinion of the Court.
At the March Term, 1859, of the Circuit Court of Franklin county, James Robinson, administrator, recovered a judgment against William Gr. Brooks, for the sum of 1139.05 and-costs. On the 18th of August of. the same year, an execution was issued on this judgment, and placed in the hands of. the sheriff of Franklin county, which he, on the 14th of September, levied upon a carriage and harness as the property of Brooks. This execution bore teste from the July Term of the Circuit Court of that year, which was the 4th Monday of the month, and was returnable to the succeeding November Term.
*439 On the 12th of September, 1859, the plaintiff in error, Peck, caused an attachment to issue against the estate of said Brooks, which, on the day of its issuance, was levied by the said sheriff, on the same carriage and harness. This attachment was issued by, and returned before a justice of the peace of said county, and judgment, on that day, rendered against Brooks in favor of Peck for $441.55, and costs. On the 15th of September an order of sale was issued on this judgment, and placed in the hands of said sheriff, under which, and the execution aforesaid, he, on the 29th of September, sold the carriage and harness for the sum of $520.00; which being insufficient to satisfy both judgments, the question is, which is to have priority? The Circuit Judge, upon an agreed case, awarded the fund to Robinson. In this there is no error. It is well settled in our State, that an execution relates to its teste, as in England before the passage of the statute, 29 Car. 2, c. 3, sec. 16, which is not of force here, and binds the debtor’s goods from the time it is awarded, in whose hands soever they.come. The execution in favor of Robinson bore teste of the first day of the term from which it issued, and bound the carriage and harness from that time, and overreached the subsequent levy under the attachment in favor of Peck. In a contest between executions from different Courts, the one having the oldest teste is entitled to priority., 1 Yer. 291; 7 Yer. 529; 9 Yer. 442. An exception to this common law rule is made by the act of 1846, ch. 72, carried into the Code at section 3078, which provides, that when an execution issued from the judgment of a Court of Record, and an execution from a justice’s judgment, are levied on the same personal property, the execution first levied shall have preference. But this statute can have no application to a levy under an attachment issued by a justice of the peace, and the lien of the Court execution, if of older teste, must prevail over it.
Affirm the judgment.